**NOT FOR PUBLICATION [14]**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY JANE SCALAFANI | : |
| : | |
| Plaintiff, | :     Civil Action No. 09-6360 (FLW) |
| : | |
| vs. | : |
| : | |
| UNITED STATES DEPARTMENT OF THE ARMY, JOHN McHUGH, SUZANNE OPRISKO, JOHN DOE OFFICERS and/or EMPLOYEE(S) 1-5 | :     **OPINION** |
| : | |
| Defendants. | : |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by Defendants United States Department of the Army ("the Army"), John McHugh ("McHugh") and Suzanne Oprisko ("Oprisko") (collectively referred to as "Defendants") to dismiss Plaintiff Mary Jane Scalafani's ("Plaintiff" or "Scalafani") complaint alleging violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD") and New Jersey common law.  In the Complaint, Plaintiff alleges that Defendants unlawfully retaliated against her for reporting a dangerous mold condition at her workplace, conduct that allegedly resulted in her constructive discharge.  Defendants move to dismiss the Complaint on the grounds that Plaintiff fails to state a claim under any of her causes of action.  For the reasons that follow, Defendants' motion is granted, and the Complaint is dismissed.

I.      **Factual and Procedural History**

For the purpose of this motion, the facts alleged in the Complaint are assumed to be true.  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  Prior to her early retirement on April 1, 2008, Plaintiff had been employed by the Army as a Security Manager at Fort Monmouth in New Jersey.  Compl. ¶ 8.  On or about April 2007, Plaintiff began registering complaints with Oprisko, her superior, as well as other superiors, that there was a dangerous mold condition in her workplace.  Compl. ¶ 9.  Plaintiff contends that Defendants did not address her initial complaints and, therefore, that she continued to register additional complaints and requests for inspections and testing to determine the severity of the mold condition.  Compl. ¶ 10.  Plaintiff further alleges that she suffered physical injuries because of the mold condition.  Compl. ¶ 12.  Moreover, Plaintiff contends that Defendants promised to relocate her away from the mold condition, but that such a relocation never occurred.  Compl. ¶ 11-12.  After filing her internal complaints, Plaintiff asserts that Defendants begun to harass her, became excessively hostile, and otherwise treated her in a discriminatory manner.  Compl. ¶ 13.  Plaintiff also claims that Defendants began criticizing her work product and objected to her use of sick leave, culminating in an oral admonishment on October 12, 2007, and a Memorandum for Record on October 15, 2007.  Compl. ¶ 14-15.  Plaintiff alleges that Defendants continued to harass her, causing her to finally resign and accept early retirement.  Compl. ¶ 17-18.

Although not adequately identified in the Complaint, Defendants acknowledge that Plaintiff filed two complaints with the Equal Employment Opportunity Commission

("EEOC").  Defs' Br. at 3-4.[1]  Plaintiff's first EEOC complaint was filed in May 2008 and was

subsequently dismissed in a decision finding no discrimination under Title VII.  Def's Br. at 3.

Plaintiff filed a second complaint in 2009 which the EEOC dismissed on September 21, 2009,

finding that the statute of limitations had expired.

 After the dismissal of her second complaint by the EEOC, Plaintiff initiated the instant

action on December 16, 2009, alleging employment discrimination and retaliation under Title

VII, NJLAD and common law.  Plaintiff also contends that her early retirement amounted to a

constructive discharge since she was allegedly forced to retire as a result of Defendants'

actions.  Defendants then filed the instant motion to dismiss.

## II.    Standard of Review

 When reviewing a motion to dismiss, courts "accept all factual allegations as true,

construe the complaint in the light most favorable to the plaintiff, and determine whether,

under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips,

515 F.3d at 233 (citation and quotations omitted).  In Bell Atlantic Corporation v. Twombly,

550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court

"retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a

---

[1]In the Complaint, Plaintiff alleges that she filed a charge of employment discrimination
with the EEOC "within 180 days of the unlawful employment practice" and that she received a
Notice of Dismissal on September 21, 2009," Compl. ¶ 2, however, Plaintiff does not provide the
dates of this filing, nor does she attach the EEOC complaint or the EEOC's Notice of Dismissal to
her Complaint.  Because Plaintiff did not allege the dates on which she filed the EEOC
charges and because neither party attached the EEOC filings to their pleadings, this Court
requested copies of these documents from the parties, and the EEOC filings were, ultimately,
provided to the Court by Defendants.  As discussed below, because these documents are "integral
to or explicitly relied upon in the complaint."  In re Burlington Coat Factory Sec. Litig., 114 F.3d
1410, 1426 (3d Cir.1997), they are properly considered by this Court.

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 555 U.S. at 555).

In affirming that Twombly standards apply to all motions to dismiss, the Supreme Court recently explained the following principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1949.  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

Moreover, in deciding a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that

form the basis of plaintiff's claim.  Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir.2004).

   As the Third Circuit has explained, "document[s] integral to or explicitly relied upon in the complaint" may be considered on a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).  Without this rule, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relies."  Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Indeed,  the Third Circuit has observed that "the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated 'where plaintiff has actual notice ... and has relied upon these documents in framing the complaint.'"  Burlington, 114 F.3d at 1426 (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991)).

## III.   Discussion

### A.  Title VII

In Count I of the Complaint, Plaintiff contends that Defendants retaliated against her after she complained about mold in her workplace and that such treatment amounted to a violation of Title VII.  Compl. ¶¶ 20, 21. The Court finds this argument without merit.

 To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in a protected activity under Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action."  Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 320 (3d Cir. 2008); see also Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006).   Importantly, the first element of Title VII only protects

"those who oppose discrimination made unlawful by Title VII." Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir.2006). Indeed, the Third Circuit has explained that "[n]ot every complaint or report entitles its author to protection from retaliation under Title VII." Davis v. City of Newark, No. 10-4365, 2011 WL 815678, at *1 (3d Cir. March 10, 2011); see also Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53,68 (2006) (noting that Title VII does not "set forth a general civility code for the American workplace" (internal quotation marks omitted)). Instead, "only complaints about discrimination prohibited by Title VII - that is, discrimination on the basis of race, color, religion, sex, or national origin, 42 U.S.C. § 2000e-2- constitute 'protected activity.' Thus, for a complaint to amount to 'protected activity,' it must implicate an employment practice made illegal by Title VII." Davis, 2011 WL 815678, at *1 (citations omitted); see Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 135 (3d Cir.2006).

In the instant matter, the basis for Plaintiff's cause of action under Title VII is the complaints she registered with her superiors about mold in her workplace. Compl. ¶¶ 9-12, 20, 21. Plaintiff has nowhere claimed that she was retaliated against due to complaints about race, color, religion, sex, national origin or any conduct prohibited by Title VII. Because Plaintiff's complaints to her superiors fail to identify any conduct proscribed by Title VII, they do not amount to "protected activity," and, therefore, cannot form the basis of a Title VII retaliation claim.

Moreover, to the extent that Plaintiff's retaliation claim may be based on alleged mistreatment she suffered after filing complaints with the EEOC, there is no factual basis for such an assertion. As discussed above, Plaintiff filed two complaints with the EEOC; the first

6

complaint was  filed on May 27, 2008 and the second complaint was filed on August 8, 2009.

However, Plaintiff alleges that she was "constructively discharged" on April 1, 2008, well

before the filing of either EEOC complaint.  Thus, the Court finds that Plaintiff could not have

been retaliated against for her EEOC filings because both EEOC filings occurred <u>after</u> her

alleged constructive discharge.  Therefore, Plaintiff has failed to state a claim for retaliation

under Title VII.

Finally, to the extent that Count I can also be read to assert a cause of action for

discrimination under Title VII, the Complaint fails to state such a claim.  To establish a prima

facie case of Title VII discrimination, Plaintiff must allege, in relevant part, that she was a

member of a protected class and that she was discriminated against based on her membership

in the protected class.  <u>See, e.g.</u>, <u>Sarullo v. U.S. Postal Serv.</u>, 352 F.3d 789, 797 (3d Cir.2003).

Indeed, the central focus of the prima facie case is always whether the employer is treating

"some people less favorably than others because of their race, color, religion, sex, or national

origin."  <u>International Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 335 n. 15, 97 S.Ct.

1843, 52 L.Ed.2d 396 (1977).   Here, Plaintiff has not alleged that she is a member of a

protected class.  However, even if this Court recognizes Plaintiff as a member of a protected

class by virtue of her gender, Plaintiff has not alleged that she was discriminated against on that

basis; rather, Plaintiff alleges that she was discriminated against because she complained about

mold in the workplace.  Indeed, Plaintiff has failed to establish any nexus between the

treatment she received after complaining about mold conditions in her workplace and her status

as a female employee.   Thus, Plaintiff's allegations, even if true, do not establish a prima facie

case of discrimination under Title VII and the Court will dismiss Count I.

7

**B.  State Law Claims – Common Law Retaliation and NJLAD**

In Count II of the Complaint, Plaintiff asserts a cause of action for Common Law Retaliation based on "discriminatory treatment [she suffered] in retaliation for engaging in a course of conduct pursuant to a clear mandate of public policy, to wit, reporting the dangerous mold condition in her work place."  Compl. ¶ 22**.**  In Counts III and IV, Plaintiff sets forth claims of discrimination and retaliation under NJLAD.[2]  In this motion, Defendants argue that Title VII is the exclusive remedy for federal employees alleging discrimination or retaliation within the context of their employment, and, therefore, that Plaintiff is barred from asserting claims against Defendants based on NJLAD or the common law.  The Court agrees.

In Brown v. Gen Servs. Admin, 425 U.S. 820, 826-29 (1976), the Supreme Court held that Title VII is the "exclusive judicial remedy for claims of discrimination in federal employment."  See also Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997); Reiser v. N.J. Air Nat'l Guard, 152 Fed. Appx. 235, 239 (3d Cir. 2005); Holmes v. F.A.A. U.S. Dept. of Transp., No. 98-5071, 1999 WL 771594, at *3 (D.N.J. Sept. 29, 1999).  In the instant matter, Plaintiff was employed by the Army as a Security Manager at Fort Monmouth in New Jersey; in other words, at all relevant times, Plaintiff was a federal employee.  Thus, the Court finds that Plaintiff is barred from asserting claims for discrimination or retaliation against Defendants under NJLAD or the common law.   Accordingly, the Court will dismiss Counts II,

---

[2] Plaintiff mistakenly labeled the second and third Counts of the Complaint as Count II; the Court will refer to the third count of the Complaint as Count III, and the fourth count of the Complaint as Count IV.

III and IV of the Complaint.[3]

**IV.    Conclusion**

For the foregoing reasons, Defendants' motion is **GRANTED**, and the Complaint is

**DISMISSED**.  An appropriate Order shall follow.


Dated: March 21, 2011                                    /s/      Freda L. Wolfson

                                                         Freda L. Wolfson, U.S.D.J.

---

[3]The Court notes that Defendants additionally argue that the claims against Oprisko should be dismissed because the Secretary of the Army is the only proper Defendant in a Title VII claim.  In light of the Court's dismissal of the entire Complaint, the Court will not address this additional argument.